## HAYES v. FRANK ROWE, Inc., et al.

No. 27793.　Jan. 11, 1938.

Rehearing Denied Feb. 1, 1938.

Arden E. Ross, for plaintiff in error.

O. E. Swan, for defendants in error.

DAVISON, J.　In this action. M. A. Hayes brought suit in the court of common pleas of Tulsa county against Frank Rowe, Inc., a corporation, Frank Rowe, Midland Valley Railroad Company, A. W. Lefeber, Greenlease-Ledterman, Inc., a corporation, and E. C. Stewart, as defendants, seeking a judgment for alleged conversion of a Lincoln automobile and for the value of the automobile to the extent of plaintiff's mortgage interest therein.

The cause was tried to a jury, and at the conclusion of the evidence the court directed the jury to return a verdict in favor of the defendants Midland Valley Railroad Company, A. W. Lefeber, Greenlease-Ledterman, Inc., and E. C. Stewart, and in favor of the plaintiff as against the defendants Frank Rowe, Inc., and Frank Rowe, and judgment was entered accordingly.　The plaintiff has appealed from the judgment entered in favor of said defendants.

There seems to be very little dispute between the parties as to the essential facts necessary to be considered herein, and which seem to be that plaintiff had agreed to advance the sum of $2,000 to Frank Rowe, Inc., for the purpose of purchasing a Lincoln automobile from the Ford Motor Company of Oklahoma City.　The check for the same was delivered on March 18, 1935, and a note and mortgage taken at the same time.　This transaction was made through plaintiff's attorney and his secretary while the plaintiff was in New York.

The note was due July 18, 1935, and was secured by a chattel mortgage on a Lincoln sedan automobile, No. K3818, and other property.　The mortgage was filed for record the same day it was executed and recited that the property therein described was then in the mortgagor's possession in Tulsa county.

Frank Rowe, Inc., had arranged for the purchase of the Lincoln automobile from the Ford Motor Company under conditional sales contract securing a balance of purchase price of $2,000.　The mortgage taken from Frank Rowe, Inc., contained the words "one Lincoln five-passenger sedan, No. K. 3818, subject to a prior mortgage to the Universal Credit Company in the sum of $2,000."

The record shows that Frank Rowe, Inc., was a dealer in Ford cars and Ford products.　This particular car was purchased for use as a demonstrator, but under the conditional sales contract taken by the Ford Motor Company, and which was later assigned to the Universal Credit Company, Rowe was not permitted to use or operate the automobile for demonstration or otherwise.

Frank Rowe, Inc., obtained possession of the automobile in March, 1935, and same was

kept in its retail salesroom in the city of Tulsa, and remained there until after June 17, 1935, the date on which the balance due to the Universal Credit Company became due and payable. The record shows that this obligation to the Universal Credit Company was not paid when same came due and that this company took possession of the automobile and placed it in storage and that later Frank Rowe, Inc., was permitted to take charge of same and place same in its salesroom and the car was offered for sale to the public.

On November 6, 1935, the automobile was sold to the defendant Midland Valley, Railroad Company, the purchase being negotiated by its president, the defendant A. W. Lefeber, who removed the automobile from Tulsa to Muskogee. In January, 1936, the automobile was transferred to the defendant Greenlease-Ledterman, Inc., to be sold and the proceeds credited on a new Cadillac car. It was later sold to defendant E. C. Stewart.

It is contended by plaintiff that a chattel mortgage upon property to be acquired by the mortgagor is valid and the lien attaches thereon from the time the mortgagor acquires an interest in the property.

The defendants contend that Frank Rowe, Inc., never acquired or had any title to or in the automobile and that the mortgage given to the plaintiff was of no effect in so far as the automobile was concerned.

Frank Rowe, Inc., was to acquire title to the automobile by paying the balance due on same to the Universal Credit Company. Since the sum due this company was less than the purchase price, we may concede that Frank Rowe, Inc., owned an interest in the automobile when same was first delivered to him, but such interest was subject to forfeiture upon failure to pay the balance due thereon. The title to the automobile was to remain in the Ford Motor Company, and in the Universal Credit Company by assignment of the contract, until the entire purchase price was paid. When the balance was not paid when due, and the automobile was taken into possession by the Universal Credit Company and later was allowed to be placed in the salesroom of Frank Rowe, Inc., for the purpose of sale and was sold before the balance due on same was paid to the Universal Credit Company, whatever title Frank Rowe, Inc., might have had in the automobile was forfeited by the sale of same. The title or interest of the plaintiff, the mortgagee, was subject to, and dependent upon, the rights of Frank Rowe, Inc. There was never any such right acquired in the automobile by the plaintiff, through his mortgage, as could amount to conversion of property by the sale thereof and failure to satisfy plaintiff's mortgage. If the automobile sold for more than a sufficient sum with which to pay the balance due the Universal Credit Company and the balance was retained by Rowe, that was a matter between the plaintiff, the mortgagee, and Frank Rowe, Inc. The question of innocent purchaser on part of the other defendants does not enter into the question here considered.

The plaintiff admits that the credit company was the real owner of the automobile and could take possession and sell the same if necessary. The plaintiff is bound by the acts of the credit company.

It is unnecessary to consider other contentions presented. We think the judgment is the only correct judgment that can be rendered. The judgment is affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, and HURST, JJ., concur. BAYLESS, V. C. J., and GIBSON, J., absent.